UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRIK BLOCK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JIWAN KUMAR, individually and dba DIDIER'S LIQUOR, et al.,<br><br>　　　　Defendants | Case No. 1:22-cv-01048-KES-BAM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>(Doc. 36) |

Currently pending before the Court is Plaintiff Hendrik Block's motion for leave to file a second amended complaint. (Doc. 36.) Defendants Jiwan Kumar, individually and d/b/a Didier's Liquor, and Santosh Kumar (collectively, "Defendants") opposed the motion, and Plaintiff replied. (Docs. 39, 40.) The Court found the motion suitable for decision without oral argument, pursuant to Local Rule 230(g). (Doc. 43.) Counsel for Defendants subsequently filed a notice of clarification confirming that she represented both Defendants Jiwan Kumar, individually and d/b/a Didier's Liquor, and Santosh Kumar. (Doc. 44.)

Having considered the motion, opposition, reply, and record in this case, Plaintiff's motion for leave to file a Second Amended Complaint will be GRANTED pursuant to Federal Rule of Civil Procedure 15(a)(2).

///

///

1

**BACKGROUND**

On August 19, 2022, Plaintiff filed this action under the Americans with Disabilities Act of 1990 ("ADA"), California's Unruh Civil Rights Act (California Civil Code § 51), and the California Health and Safety Code, alleging violations at Didier's Liquor Store located in Fresno, California based upon a March 11, 2022 visit. (Doc. 1.)  By the complaint, Plaintiff sought damages, injunctive and declaratory relief, and attorneys' fees and costs against Defendants Jiwan Kumar and Santosh Kumar. (*Id.*) Defendants filed a motion to dismiss for lack of jurisdiction, and that motion was fully briefed and remains pending. (Docs. 13, 16, 23, 24.)

On December 19, 2022, Plaintiff amended his complaint as a matter of course. (Doc. 20.) In the First Amended Complaint, Plaintiff included allegations related to a December 9, 2022 visit to Didier's Liquor store in addition to the barriers encountered during a March 11, 2022 visit. (*Id.*) On January 16, 2023, Defendants filed a further motion to dismiss for lack of jurisdiction as to Plaintiff's amended complaint. (Doc. 25.) This motion was then fully briefed and remains pending. (Docs. 25, 27, 28.)

The Court has not held a Scheduling Conference or issued a scheduling conference order in light of the pending motions to dismiss. On February 15, 2024, Plaintiff filed the instant motion for leave to file a Second Amended Complaint. (Doc. 36.) According to the motion, Plaintiff seeks to amend the complaint to reflect the current property and business owners so that he may seek injunctive relief from them. (Doc. 36-1 at 2.) In conjunction with the motion, Plaintiff submitted a redline of the proposed Second Amended Complaint. (*See* Doc. 36-3 at 1-16, Ex. A to Amended Declaration of Tanya E. Moore.) Defendants oppose the motion, arguing that Plaintiff has not met the good cause standard of Federal Rule of Civil Procedure 15 or the due diligence, good faith, and lack of dilatory actions standard under Federal Rule of Civil Procedure 16. (Doc. 39.) Defendants further contend that permitting amendment of the complaint would force Defendants to file a fourth motion to dismiss and create pressure for Defendants to settle when there are no ADA barriers and Plaintiff lacks subject matter jurisdiction as to some of the barriers alleged. (*Id.* at 4.)

**DISCUSSION**

Plaintiff's motion to amend, filed prior to a scheduling order deadline for amendment, is considered under the Federal Rule of Civil Procedure 15 standard for amendment to the pleadings. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (holding that motion to amend filed after pretrial scheduling order deadline must satisfy the requirements of Federal Rule of Civil Procedure 16). Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

"When considering whether to grant leave to amend, a district court should consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman*, 371 U.S. at 182); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316

F.3d at 1052.  The Court now turns to the relevant factors.

<u>Undue Delay</u>

Defendants argue that Plaintiff should not be allowed to amend his complaint because the amendment is inexcusably delayed.  (Doc. 39 at 3.)  In evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388. In addition, the Court examines whether "permitting an amendment would . . . produce an undue delay in the litigation." *Id.* at 1387.

Here, Plaintiff seeks to add a new business owner/operator and update the status of the current Defendants as trustees based upon changes in ownership that occurred in 2023.  (Doc. 36-1 at 3-4; Doc. 36-2 ¶¶ 3-5.)  Defendants contend that Plaintiff did not timely review changes to the ownership of the facility which may have occurred in February 2023 and April 2023.  (Doc. 39 at 3.)  Plaintiff responds that Defendants failed to disclose the transfer of ownership and Plaintiff's counsel only discovered the transfer of ownership during a review of public records. (Doc. 40 at 3-4.)

Plaintiff's First Amended Complaint was filed on December 19, 2022, prior to the 2023 change in ownership and transfer of property that Plaintiff now alleges.  (Doc. 20.)  The Court therefore finds that there was no undue delay in seeking amendment.  This factor therefore does not weigh against amendment.

<u>Bad Faith</u>

Defendants further argue that the motion to amend the complaint appears to have been made in bad faith to prolong the litigation, force Defendants to file a fourth Motion to Dismiss, and pressure Defendants to settle.  (Doc. 39 at 4.)  Plaintiff responds that modification of the defendants to reflect a transfer of property to a trust and ownership to an additional party is necessary to secure sufficient relief.  (Doc. 40 at 2.)

The modification and addition of defendants may require further motion practice by Defendants, but it does not indicate that the amendment is being made in bad faith.  Absent evidence of wrongful motive, this factor does not weigh against granting leave to amend.  *See*

4

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("Since there is no evidence in the record which would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of bad faith."); *Pizana v. SanMedica Int'l LLC*, No. 1:18-cv-00644-DAD-SKO, 2022 WL 1241098, at *10 (E.D. Cal. Apr. 27, 2022) ("Absent any wrongful motive, merely filing the pending motion close to a holiday or as a litigation deadline approached does not amount to evidence of bad faith.").

Prior Amendments

The Court has not permitted or allowed previous amendments in this case. Plaintiff amended the original complaint once as a matter of course and only now seeks permission from the Court to amend. (*See* Doc. 20.) Thus, this factor does not weigh against granting leave to amend. *See Storz Mgmt. Co. v. Carey*, No. 2:18-CV-00068-TLN-DB, 2021 WL 848768, at *4 (E.D. Cal. Mar. 5, 2021) (concluding single prior amendment as a matter of course did not outweigh the other Rule 15 factors that weighed in favor of granting leave to amend).

Prejudice

Undue prejudice to the opposing party is the most important factor in deciding whether leave to amend should be granted. *Eminence Capital, LLC*, 316 F.3d at 1052. "'Undue prejudice' means substantial prejudice or substantial negative effect." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1085 (S.D. Cal. 2002) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). The Ninth Circuit has found such "substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *Id.*

In addition to Defendants' prior arguments that this amendment would prolong the litigation and increase pressure to settle, Defendants also contend that they agreed to defend and indemnify the new store owner based on Plaintiff's allegations, and it would be prejudicial to name the new store owner as a defendant. (Doc. 39 at 4.) However, Defendants do not offer authority that suggests that their arrangements with another party preclude that party from being added to the litigation. Additionally, the amendment is sought prior to the entering of a

scheduling order, so is not sought at a "late hour." Furthermore, there is no indication that amendment would alter the nature of the litigation or require duplication of discovery efforts already undertaken. Thus, this factor does not weigh against granting leave to amend.

Futility

Defendants argue that amendment would be futile, contending that there are no ADA barriers, and the plaintiff lacks standing as to the ramp barrier, the parking barrier, and some other barriers as identified in the pending motion. (Doc. 39.)

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The Ninth Circuit has articulated the test for futility as when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997)). However, denial of leave to amend on this ground is rare. *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, No. 2:18-cv-02066-TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). "Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Id.*

Here, the Court finds it appropriate to defer ruling on Defendants' futility challenge in the context of the motion to amend. Plaintiff's claims are not so facially frivolous that the Court will conclude that it be futile to permit him leave to amend. Additionally, the factual underpinnings of the asserted claims do not markedly differ between the First Amended Complaint and the proposed Second Amended Complaint. For those reasons, this does not weigh against granting leave to amend.

Because the relevant factors do not weigh against permitting amendment, the Court will permit Plaintiff leave to file his Second Amended Complaint.

///

///

///

6

**CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 36) is GRANTED;

2. Plaintiff shall file his Second Amended Complaint within five (5) days of the date of entry of this order; and

3. Defendants shall file an answer or other responsive pleading in compliance with the Federal Rules of Civil Procedure and any relevant Local Rules following electronic service of the Second Amended Complaint.

IT IS SO ORDERED.

Dated:   **April 22, 2024**              /s/ Barbara A. McAuliffe          _
                                         UNITED STATES MAGISTRATE JUDGE